Filed 08/19/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00159

Kerrie Johnson v. Christopher Winters et al

## Opinion and Order on Ms. Johnson's Motion for Rule 11 Sanctions

This case arises out of Plaintiff Ms. Kerrie Johnson's requests, pursuant to 33 V.S.A. § 4921(c)(1) (parental right to redacted investigation files), that the Department for Children and Families (DCF) disclose to her the "redacted investigation files" related to investigations or assessments conducted following complaints of abuse of her children by their father (her now ex-husband).  DCF has denied those requests, claiming to have good cause, a statutory basis for not doing so.  Shortly after Ms. Johnson filed the complaint, the State filed a motion to dismiss.  It attached to its dismissal motion several exhibits documenting exchanges between Ms. Johnson and State personnel related to her requests or the investigations and assessments to provide context and reinforce its assertion of good cause.  Following a hearing, the Court denied the State's motion as to Ms. Johnson's principal claim for records and granted it as to a separate claim for which she lacks standing.  The Court also granted her motion to seal all the exhibits attached to the State's dismissal motion as well as information in those exhibits that might be referred to in the State's other filings.

After the hearing on the dismissal motion, but prior to the Court's decision, Ms. Johnson filed a motion, previously served on the State, seeking to impose Rule 11 sanctions.  In summary, she asserts: "Defendants' attorney flagrantly violated V.R.C.P.

11(b) by filing a motion to dismiss that lacks factual and evidentiary support, that publicized information that is obviously confidential under the law, and that was filed for an improper purpose and appears intended to harass, burden, and produce unnecessary expense and delay. Defendants' attorney has refused to withdraw or correct his unsupported claims, and Defendants' attorney knowingly disclosed additional confidential information in a public forum during oral arguments on June 30, 2025."

> The relevant portion of Rule 11 provides:
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other document, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Vt. R. Civ. P. 11(b).

"[T]he overarching objective of the [similar federal rule is] to deter conduct that does not meet a certain level of professionalism in order to discourage abusive and dilatory behavior." 5A A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1334 (4th ed.); *see* Vt. R. Civ. P. 1 (noting that the general purpose of the Rules is "to secure the just, speedy, and inexpensive determination of every action"); 4 Adam N. Steinman, *et*

25-CV-00159 Kerrie Johnson v. Christopher Winters et al

*al., Fed. Prac. & Proc. Civ.* § 1029 (4th ed.) ("There probably is no provision in the . . . rules that is more important than this mandate [of Rule 1]. . . . The primary purpose of procedural rules is to promote the ends of justice." (footnotes omitted)).

Rule 11 also has a safe harbor provision requiring the party seeking sanctions to first give the opposing attorney a fair chance to correct any perceived violations before the matter is put to the Court. *See* Vt. R. Civ. P. 11(c)(1)(A). As to any disputed representations made at the hearing on the dismissal motion, the State argues that Ms. Johnson has not done so. In Reply, Ms. Johnson essentially concedes the matter, arguing that the Court, instead, should pursue sanctions against counsel on its own motion under Vt. R. Civ. P. 11(c)(1)(B), which authorizes a show-cause procedure apart from any motion filed by a litigant. The Court declines to substitute a show-cause order for Ms. Johnson's procedural noncompliance with Rule 11.[1]

Otherwise, the Court sees no basis for any Rule 11 violation in this case, much less any utility in the pursuit of sanctions. Regarding the State's public filings of assertedly confidential material, the Court explained in its dismissal decision that how the confidentiality statutes operate in the context of this case is seriously disputed and far from straightforward. The Court continues to decline to resolve that complicated matter at this time. Further, the State expressly has never objected to sealing anything that Ms. Johnson believes is confidential. In fact, all such information now has been ordered to be sealed.

---

[1] The Court notes that the State has also made a clarification as to one statement made at the hearing following consideration of the instant motion.

Ms. Johnson's conviction that the State filed those materials or has otherwise referred to them in the public record with improper purposes, such as embarrassment, harassment, delay, may be her subjective view. On this record, however, the Court perceives no bad faith. While the materials did not alter the Court's view as to the merits of the dismissal motion, as explained in its ruling, they were offered in support of the State's dismissal arguments (predicated on subject matter jurisdiction) and were responsive, at least generally, to certain of Ms. Johnson's allegations and arguments.

Ms. Johnson's argument that the State's dismissal motion itself was so fraught with "unsupported claims" as to warrant sanctions is manifestly not so. As explained in the dismissal decision, this case presents a novel issue under Vermont law. The State's motion resulted in dismissal of one of Ms. Johnson's claims. The other claim survived dismissal under the Rule 12(b)(6) standard, due in part to its novelty.

No doubt, Rule 11 is intended to deter unprofessional conduct. As the Wright & Miller treatise aptly describes: "[P]artisan advocacy is a form of public service so long as it aids the process of adjudication; it ceases to be when it hinders that process, when it misleads, distorts, and obfuscates, when it renders the task of the deciding tribunal not easier, but more difficult." 5A A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1334 (4th ed.) (quoting Fuller & Randall, *Professional Responsibility: Report of the Joint Conference,* 44 A.B.A.J. 1159, 1162 (1958)). The rule "reminds attorneys that their role as advocates does not supersede their role as officers of the court." *Id.*

Ultimately, Ms. Johnson's motion simply does not point up sanctionable conduct that the Court finds to fall outside of the reasonable boundaries of zealous advocacy.

<u>Conclusion</u>

For the foregoing reasons, Ms. Johnson's motion for Rule 11 sanctions is denied.

Electronically signed on Wednesday, August 13, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge